UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LATESSA LEROGAN-WASHINGTON, on behalf of themselves and all other persons similarly situated, known and unknown, ) ) ) ) Plaintiff, ) ) v. ) ) EYM PIZZA OF ILLINOIS, LLC ) ) Defendant, ) | JURY TRIAL DEMANDED<br><br>Cause No.:<br><br>REMOVED FROM ILLINOIS CIRCUIT COURT FOR COOK COUNTY |

## NOTICE OF REMOVAL OF CAUSE

To: **Attorney for Plaintiff**
The Garfinkel Group, LLC
Attn: Max P. Barack
6252 N. Lincoln Ave, Suite 200
Chicago, Illinois 60659

**United States District Court, Northern District of Illinois**
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Defendant EYM PIZZA OF ILLINOIS, LLC ("EYM"), under 28 U.S.C. § 1332 and 28 U.S.C. § 1441, notifies this Honorable Court that the above-entitled cause has been removed from the Circuit Court of Cook County Illinois to the United States District Court for the Northern District of Illinois, and in support of said notice states as follows:

1. The Complaint in this matter seeks damages from EYM for multiple alleged violations of the Biometric Information Privacy Act, specifically alleging violations of 740 ILCS 14/15(a), (b) and (d). The lawsuit was served on EYM on August 31, 2022. A copy of the Summons and Complaint is attached hereto as **Exhibit A**. EYM's responsive pleading is due to be filed on or before September 30, 2022.

2. The parties are of diverse citizenship.

3. Plaintiff maintains citizenship in the State of Illinois. *See* Ex. A, paragraph 12.

4. Defendant EYM is a Texas limited liability company, and its sole member is EYM Pizza LP, which is a Texas limited partnership. Each partner of EYM Pizza LP, is a citizen of the State of Texas. Accordingly, for purposes of diversity, EYM is a citizen of the State of Texas.

5. The amount in controversy is in excess of $75,000.00, exclusive of interest and costs. In this matter Plaintiff asserts claims related to the storage of biometric information, and alleges that the class of individuals affected includes more than fifty (50) members. (See Ex. A, para. 50.). When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). In other words, "the individual claims of class members cannot be aggregated to meet the jurisdictional amount, and instead each class member is required to have a jurisdictionally-sufficient claim." *Id.*; *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). Plaintiff alleges that EYM's BIPA violations were "reckless," thereby seeking a statutory penalty of up to $5,000 for each "violation." (Compl., ¶ 80). The amount in controversy exceeds $75,000 because Plaintiff alleges that she used the biometric time clock at issue in this lawsuit on a daily basis to clock in and out of work during the entire duration of his employment. (Compl., ¶¶ 39-47). Indeed, in her prayer for relief, Plaintiff prays for an order awarding her and the class members $5,000 for *each* violation of BIPA. As such, it is clear that she is seeking damages not simply for single violations, but for *multiple* violations, presumably for each use of her biometric information by Defendant. Based on this approach,[1] and given the use of biometric data to clock in and out, as averred by Plainiff, even

---

[1] EYM does not concede that this is the proper measure of damages under BIPA, merely that Plaintiff includes this allegation in the Complaint.

the most conservative estimate would have Plaintiff clocking in and out far in excess of the 16 times necessary to exceed the jurisdictional amount-in-controversy threshold (*i.e.*, 16 x $5,000 = $80,000) over her employment. Accordingly, the amount in controversy exceeds the jurisdictional minimum for this Court.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds the jurisdiction amount of $75,000.00. Defendant is, therefore, entitled to remove this action to this Court under 28 U.S.C. § 1441.

7. Venue within the Northern District of Illinois, Eastern Division, is appropriate under 28 U.S.C. §§ 89 and 1441(a), as the Circuit Court of Cook County Illinois, where Plaintiff filed her Petition, is located within said district and division.

8. In compliance with 28 U.S.C. § 1446(b), this Notice of Removal was filed with this Court within thirty (30) days after EYM was served with the Summons and Petition on August 31, 2022.

9. Pursuant to 28 U.S.C. 1447(b), true and correct copies of all process, pleadings, and orders sent to and received by the Circuit Court of Cook County, Illinois will be submitted to this Court upon receipt of same.

10. In filing this Notice of Removal, EYM does not waive any denials, objections, or defenses that may be available to it, including jurisdictional defenses.

11. In accordance with 28 U.S.C. § 1446(d), EYM will promptly file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, and will give notice thereof to all adverse parties.

WHEREFORE, Defendant EYM PIZZA OF ILLINOIS, LLC, notifies this Court that this cause has been removed from the Circuit Court of Cook County, Illinois to the United States

District Court for the Northern District of Illinois pursuant to the provisions of 28 U.S.C. §§ 1441, 1446.

>Respectfully submitted,
>
>EYM PIZZA OF ILLINOIS, LLC
>
>By: /s/ Daniel E. Tranen
>Daniel E. Tranen, ARDC#06244878
>Wilson Elser Moskowitz
>Edelman & Dicker LLP
>7777 Bonhomme Ave, Suite 1900
>St. Louis, MO 63105
>618-307-0200 (Phone)
>618-307-0221 (Fax)
>daniel.tranen@wilsonelser.com
>
>*Attorneys for EYM PIZZA OF ILLINOIS, LLC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served via the Court's electronic filing system, on this 30th day of September, 2022, to all counsel of record.

/s/ *Daniel E. Tranen*